UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES DUKES,

    Applicant,

v.                                                       CASE NO. 8:17-cv-1351-T-23CPT

SECRETARY, Department of Corrections,

    Respondent.
_____/

**ORDER**

Dukes applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges his convictions for a count of sale or delivery of cocaine within 1000 feet of a public park, for which conviction Dukes is imprisoned for fifteen years as a habitual felony offender. Numerous exhibits ("Respondent's Exhibit __") support the response. (Doc. 6) The respondent both admits the application's timeliness and argues that one ground is not fully exhausted. (Response at 7 and 18–19, Doc. 6)

I.    **BACKGROUND**[1]

Dukes alleges that he was riding his bicycle to the store when a vehicle approached him. Unbeknownst to Dukes, the driver of the vehicle was an undercover law enforcement officer and the passenger was a confidential informant.

---

[1] This summary of the facts is nearly a quotation from the recitation of facts in the post-conviction courts' order. (Respondent's Exhibits 14 at 88)

The officer asked Dukes to sell some crack cocaine, but Dukes refused. The driver directed Dukes's attention to tools in the vehicle and explained that he was a working person on a thirty-minute lunch break and that he wanted the crack cocaine for a sexual encounter with the passenger. Dukes sold crack cocaine to the officer.

Dukes pleaded guilty without a plea agreement and was sentenced to imprisonment for fifteen years as a habitual felony offender. Dukes appealed and moved to withdraw his plea, but he later withdrew the appeal. The motion to withdraw plea was dismissed because the court lacked jurisdiction when the motion was filed.

Dukes timely moved under Rule 3.850, Florida Rules of Criminal Procedure, for post-conviction relief in which he alleged that counsel rendered ineffective assistance. The post-conviction court dismissed the initial motion for insufficiency but with leave to amend. (Respondent's Exhibit 14 at 54) The amended motion identified six grounds for relief, which the post-conviction court grouped into two claims of ineffective assistance of counsel: for not pursuing an entrapment defense and for laboring under a conflict of interest.

## II.     EXHAUSTION AND PROCEDURAL DEFAULT

In his federal application Dukes asserts the two grounds for relief as identified by the post-conviction court, however, the respondent argues that Dukes includes two assertions not previously included within the conflict of interest claim. In the state proceedings Dukes supported his conflict claim by alleging (1) that counsel's interests were adverse to his interests, (2) that counsel failed to request a *Nelson*

hearing, and (3) that the trial court neither inquired into the conflict nor conducted a *Nelson* hearing. In his federal application Dukes (1) concedes both that his motion in state court was "inartfully argued" and that his "intention was to present this claim of ineffective assistance of counsel based on counsel's failure to move to withdraw as counsel and requesting [*sic*] a hearing to see if a true conflict existed" (Doc. 1 at 6) and (2) omits the three allegations from the state post-conviction proceeding and instead asserts that counsel was ineffective at sentencing because counsel failed both to adopt his *pro se* motion to withdraw his plea and to present testimony of a psychologist. Consequently, the federal application both alleges a claim based on two factual assertions not presented to the state court and abandons what Dukes presented to the state court.[2]

---

[2] The post-conviction court denied the conflict-of-interest claim as follows (Respondent's Exhibit 14 at 90):

> Grounds B and D of Defendant's motion focus on an alleged conflict of interest between Defendant and counsel. In its prior order, the Court struck these claims for being based solely on conclusory allegations, rather than specific evidence of an actual conflict of interest as required for a facially sufficient claim. Although the Court noted the pleading deficiencies and provided an opportunity to correct them, the instant amended motion is equally insufficient: Defendant repeatedly asserts that counsel "was laboring under a conflict of interest" but fails to allege any specific facts evidencing an actual conflict. Accordingly, the Court denies the claims in Grounds B and D. *See Spera v. State*, 971 So. 2d 754, 761 (Fla. 2007) (requiring that defendants receive one opportunity to amend a facially insufficient postconviction claim).

The state's practice of requiring an allegation based on sufficient supporting facts is the same as federal practice. *See, e.g., Hittson v. GDCP Warden*, 759 F.3d 1210, 1263 (11th Cir. 2014) ("[G]eneralized allegations are insufficient in habeas cases. . . . In other words, Rule 2(c)[, Rules Governing Section 2254 Proceedings,] 'mandate[s] fact pleading as opposed to notice pleading, as authorized under Federal Rule of Civil Procedure 8(a).'") (quoting *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011)), *cert. denied sub nom., Hittson v. Chatman*, 135 S. Ct. 2126 (2015).

An applicant must present each claim to a state court before raising the claim in federal court. "[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995). *Accord Rose v. Lundy*, 455 U.S. 509, 518–19 (1982) ("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error."). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese,* 541 U.S. 27, 32 (2004) (citing *Duncan*).

Also, an applicant must present to the federal court the same claim that was presented to the state courts. *Picard v. Connor*, 404, U.S. 270, 275 (1971) ("[W]e have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."). "Mere similarity of claims is insufficient to exhaust." *Duncan v. Henry*, 513 U.S. at 366.

In the state proceedings Dukes failed to present as part of the conflict claim the two new factual assertions, specifically, counsel's failure both to adopt his *pro se* motion to withdraw his plea and to present testimony of a psychologist. "While we do not require a verbatim restatement of the claims brought in state court, we do require that a petitioner presented his claims to the state court 'such that a reasonable

reader would understand each claim's particular legal basis and specific factual foundation.'" *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005) (quoting *Kelley v. Sec'y, Dep't of Corr.*, 377 F.3d 1317, 1344–45 (11th Cir. 2004)), *cert. denied*, 547 U.S. 1073 (2006). *See also Anderson v. Harless*, 459 U.S. 4, 6 (1982) ("It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made."); *Kelley*, 377 F.3d at 1345 ("The exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.") (citations omitted); *Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir. 1983) ("The exhaustion requirement is not satisfied if a petitioner presents new legal theories or entirely new factual claims in support of the writ before the federal court."). Consequently, the two new factual assertions are unexhausted.

The failure to properly exhaust each available state court remedy causes a procedural default of the unexhausted claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) ("Boerckel's failure to present three of his federal habeas claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims."). *See also Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) ("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, we can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief.").

Dukes procedurally defaulted the two unexhausted factual assertions, and, as a consequence, these factual assertions in support of his claim of ineffective assistance of counsel in ground one are barred from federal review absent a showing of "actual cause and prejudice" or "manifest injustice." *Coleman v. Thompson*, 501 U.S. 72, 29–30 (1991); *Murray v. Carrier*, 477 U.S. 478, 496 (1986). The basis for "cause" must ordinarily reside in something external to the defense. *Marek v. Singletary*, 62 F.3d 1295, 1302 (11th Cir. 1995). To show "prejudice," the applicant must show "not merely that the errors at his trial created the *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Hollis v. Davis*, 941 F.2d 1471, 1480 (11th Cir. 1991) (italics original) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

To meet the fundamental miscarriage of justice exception, Dukes must show constitutional error coupled with "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). This exception is not available unless "petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995) (denying a certificate of probable cause).

Dukes establishes neither "cause and prejudice" nor a "fundamental miscarriage of justice." Therefore, the assertions that at sentencing counsel failed both to adopt his *pro se* motion to withdraw his plea and to present testimony of a

psychologist are procedurally barred from federal review and not entitled to a determination on the merits. Having omitted the factual basis for the conflict claim as presented to the state court and instead having presented only procedurally barred facts to support the conflict claim, Dukes's conflict claim (ground one) is barred from federal review.³ However, the entrapment claim (ground two), as presented to the state courts, is entitled to a review on the merits.

### III.  STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Wilcox v. Florida Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). Section 2254(d), which creates a highly deferential standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

³ As explained in the preceding footnote, Dukes would not prevail on ground one as presented to the state court even if the district court were to review this claim of ineffective assistance of counsel.

*Williams v. Taylor*, 529 U.S. 362, 412–13 (2000), explains this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied — the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States" or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 693 (2002). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). *See White v. Woodall*, 572 U.S. 415, 427 (2014) ("The critical point is that relief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question . . . .") (citing

*Richter*); *Woods v. Donald*, 575 U.S. 312, 316 (2015) ("And an 'unreasonable application of ' those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice.") (citing *Woodall*, 572 U.S. at 419). *Accord Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide."). The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. at 412.

The purpose of federal review is not to re-try the state case. "The [AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. at 694. A federal court must afford due deference to a state court's decision. "AEDPA prevents defendants — and federal courts — from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Renico v. Lett*, 559 U.S. 766, 779 (2010). *See also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("This is a 'difficult to meet,' . . . and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt' . . . .") (citations omitted).

When the last state court to decide a federal claim explains its decision in a reasoned opinion, a federal habeas court reviews the specific reasons as stated in the opinion and defers to those reasons if they are reasonable. *Wilson v. Sellers*, 138 S. Ct.

1188, 1192 (2018) ("[A] federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable."). When the relevant state-court decision is not accompanied with reasons for the decision, the federal court "should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale [and] presume that the unexplained decision adopted the same reasoning." *Wilson*, 138 S. Ct. at 1192. The State may contest "the presumption by showing that the unexplained affirmance relied or most likely did rely on different grounds than the lower state court's decision . . . ." *Wilson*, 138 S. Ct. at 1192.

Dukes voluntarily withdrew his direct appeal (Respondent's Exhibit 11), and, in a *per curiam* decision without a written opinion, the state appellate court affirmed the denial of Dukes's subsequent Rule 3.850 motion for post-conviction relief. (Respondent's Exhibit 17)  The state appellate court's *per curiam* affirmance warrants deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore*, 278 F.3d 1245, 1254, *reh'g and reh'g en banc denied*, 278 F.3d 1245 (11th Cir. 2002), *cert. denied sub nom Wright v. Crosby*, 538 U.S. 906 (2003).  *See also Richter*, 562 U.S. at 100 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."), and *Bishop v. Warden*, 726 F. 3d 1243, 1255–56 (11th Cir. 2013) (describing the difference between an "opinion" or "analysis" and a "decision" or "ruling" and explaining that

deference is accorded the state court's "decision" or "ruling" even absent an "opinion" or "analysis").

As *Pinholster* explains, 563 U.S. at 181–82, review of the state court decision is limited to the record that was before the state court:

> We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time, i.e., the record before the state court.

Dukes bears the burden of overcoming by clear and convincing evidence a state court's fact determination. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to a finding of fact but not to a mixed determination of law and fact. *Parker v. Head*, 244 F.3d 831, 836 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001). The state court's rejection of Dukes's post-conviction claims warrants deference in this case. (Order Denying Motion for Post-Conviction Relief, Respondent's Exhibit 14 at 87–91)

## **INEFFECTIVE ASSISTANCE OF COUNSEL**

Dukes claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d

1506, 1511 (11th Cir. 1995) (*en banc*) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998), explains that *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Strickland* requires proof of both deficient performance and consequent prejudice. *See Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or

omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Dukes must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691. To meet this burden, Dukes must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690–91. Dukes cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220 21 (11th Cir. 1992). *Accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So,

omissions are inevitable . . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (*en banc*) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)). The required extent of counsel's investigation is discussed in *Hittson v. GDCP Warden*, 759 F.3d 1210, 1267 (11th Cir. 2014), *cert. denied sub nom., Hittson v. Chatman*, 135 S. Ct. 2126 (2015):

> [W]e have explained that "no absolute duty exists to investigate particular facts or a certain line of defense." *Chandler*, 218 F.3d at 1317. "[C]ounsel has a duty to make reasonable investigations or make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691, 104 S. Ct. at 2066 (emphasis added). "[C]ounsel need not always investigate before pursuing or not pursuing a line of defense. Investigation (even a nonexhaustive, preliminary investigation) is not required for counsel reasonably to decline to investigate a line of defense thoroughly." *Chandler*, 218 F.3d at 1318. "In assessing the reasonableness of an attorney's investigation . . . a court must consider not only the quantum of evidence already known to counsel, but also whether the known evidence would lead a reasonable attorney to investigate further." *Wiggins*, 539 U.S. at 527, 123 S. Ct. at 2538.

*See also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (confirming that counsel has no duty to raise a frivolous claim).

Under Section 2254(d) Dukes must prove that the state court's decision "(1) [was] contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) [was] based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Sustaining a claim of ineffective assistance of counsel is very difficult because "[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Richter*, 562 U.S. at 105. *See also Pinholster*, 563 U.S. 202 (An applicant

must overcome this "'doubly deferential' standard of *Strickland* and the AEDPA."), *Johnson v. Sec'y, Dep't of Corr.*, 643 F.3d 907, 911 (11th Cir. 2011) ("Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding."), and *Pooler v. Sec'y, Dep't of Corr.*, 702 F.3d 1252, 1270 (11th Cir. 2012) ("Because we must view Pooler's ineffective counsel claim — which is governed by the deferential *Strickland* test — through the lens of AEDPA deference, the resulting standard of review is "doubly deferential."), *cert. denied*, 571 U.S. 874 (2013).

In summarily denying Dukes's motion for post-conviction relief, the state court recognized that *Strickland* governs a claim of ineffective assistance of counsel. (Respondent's Exhibit 14 at 88)  Because the state court rejected the claim based on *Strickland*, Dukes cannot meet the "contrary to" test in Section 2254(d)(1).  Dukes instead must show that the state court unreasonably applied *Strickland* or unreasonably determined the facts.  The presumption of correctness and the highly deferential standard of review requires that the analysis of a claim begin with the state court's analysis.

Dukes's remaining claim, as alleged in ground two, is that counsel rendered ineffective assistance by not pursuing an entrapment defense.  The post-conviction court denied this claim as follows (Respondent's Exhibit 14 at 88–90):

> Grounds A, C, and E of Defendant's motion are based on an entrapment defense. Defendant alleges that he was riding his bicycle to the store when a vehicle approached. The driver of the vehicle was an undercover law enforcement officer and the

passenger was a confidential informant (CI). They asked Defendant if they could purchase $30.00 of crack cocaine, but Defendant refused. The driver called Defendant's attention to tools in the vehicle and explained that he was a working person on a 30-minute lunch break and he wanted the crack cocaine for a sexual encounter with the passenger. Defendant proceeded to sell them crack cocaine. Defendant now argues that counsel should have investigated or deposed the CI, informed Defendant that entrapment was an available defense, and pursued an entrapment defense.

Florida courts have recognized two different theories of entrapment: objective entrapment and subjective entrapment. *See Jiminez v. State*, 993 So. 2d 553, 555 (Fla. 2d DCA 2008). Objective entrapment is a defense where law enforcement conduct is so egregious that it amounts to a denial of due process. *Id.* Subjective entrapment, as codified by § 777.201, Florida Statutes, involves a three-part test: (1) whether the government agent induced the accused to commit the charged crime; (2) whether the accused was predisposed to commit the offense without persuasion; and (3) whether the entrapment evaluation should be submitted to the jury. *Id.* (citing *Beattie v. State*, 636 So. 2d 744, 746 (Fla. 2d DCA 1993)). With regard to the accused's predisposition, the State is permitted to make "'an appropriate and searching inquiry' into conduct of the accused and present evidence of the accused's prior criminal history, even though such evidence is normally inadmissible." *Beattie*, 636 So. 2d at 746.

Here, Defendant does not allege conduct so egregious as to implicate objective entrapment, and so the Court construes the proposed defense as one of subjective entrapment. The critical question, then, is whether Defendant was predisposed to commit the charged crime (i.e. selling cocaine) without persuasion. The pre-sentence investigation report prepared in this case indicates that Defendant has two prior convictions for possession of cocaine and one prior conviction for possession and sale of cocaine. Further, any persuasion or inducement resulting from the officer's alleged conduct falls well short of creating a "substantial risk that such crime will be committed by a person other than one who is ready to commit it." § 777.201(1), Fla. Stat. Upon review of the record and the allegations in Defendant's motion, the Court finds that the proposed entrapment defense, whether raised in a motion to dismiss or as a defense at trial, would certainly have been unsuccessful. Accordingly, counsel was not deficient for failing to pursue an entrapment defense, including investigating or

> deposing the CI, nor was counsel deficient in failing to advise Defendant of an entrapment defense.
>
> Moreover, Defendant was sentenced as a habitual felony offender, and as such, faced a potential sentence of life imprisonment if convicted after trial. *See* §§ 893.13(1)(c)l, 775.082(3)(b), 775.084(4)(a), Fla. Stat. Instead, Defendant received a sentence of 15 years as a result of his plea. To the extent that Defendant argues he would have proceeded to trial and faced a potential life sentence based on a defense of so little merit, such a claim is inherently incredible. *See Montero v. State*, 996 So. 2d 888, 891 (Fla. 4th DCA 2008).

The state court (1) determined that, under state law, the undercover officer's conduct fell "well short" of what is required to prove entrapment and (2) ruled that Dukes failed to meet *Strickland's* deficient performance requirement to prove ineffective assistance of counsel, specifically, that "counsel was not deficient for failing to pursue an entrapment defense, including investigating or deposing the CI, nor was counsel deficient in failing to advise Defendant of an entrapment defense." Counsel's reliance on a particular defense is "a matter of strategy and is not ineffective unless the petitioner can prove the chosen course, in itself, was unreasonable." *Chandler v. United States*, 218 F.3d at 1318. "In order to show that an attorney's strategic choice was unreasonable, a petitioner must establish that no competent counsel would have made such a choice." *Provenzano v. Singletary*, 148 F.3d 1327, 1332 (11th Cir. 1998). As applied to the present action, Dukes must show that no competent counsel would have abandoned pursuing an entrapment defense. Accepting the post-conviction court's determination — that foregoing a guilty plea and risking a sentence of life imprisonment was "inherently incredible" because the proposed entrapment defense had "so little merit" — the state court

reasonably applied *Strickland* in determining that trial counsel's performance was not deficient. *See Putnam v. Head*, 268 F.3d 1223, 1244, n.17 (11th Cir. 2001) (In determining "reasonableness," a federal application for the writ of habeas corpus authorizes determining only "whether the state habeas court was objectively reasonable in its *Strickland* inquiry," not an independent assessment of whether counsel's actions were reasonable.), *cert. denied*, 537 U.S. 870 (2002).

## IV.  CONCLUSION

Dukes fails to meet his burden to show that the state court's decision was either an unreasonable application of controlling Supreme Court precedent or an unreasonable determination of fact. As *Burt v. Titlow*, 571 U.S. 12, 19–20 (2013), recognizes, an applicant's burden under Section 2254 is very difficult to meet:

> Recognizing the duty and ability of our state-court colleagues to adjudicate claims of constitutional wrong, AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court. AEDPA requires "a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. [86, 103] (2011). "If this standard is difficult to meet" — and it is — "that is because it was meant to be." *Id.*, at [102]. We will not lightly conclude that a State's criminal justice system has experienced the "extreme malfunctio[n]" for which federal habeas relief is the remedy. *Id.*, at [103] (internal quotation marks omitted).

Dukes's application for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk must enter a judgment against Dukes and **CLOSE** this case.

### DENIAL OF BOTH
### A CERTIFICATE OF APPEALABILITY
### AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Dukes is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Dukes must show that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Dukes is entitled to neither a COA nor leave to appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Dukes must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on July 17, 2020.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE